**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| VERONICA WRIGHT | CIVIL ACTION NO. 26-0578 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is the United States of America's ("the Government") Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. See Record Document 13. On August 4, 2026, Plaintiff Veronica Wright ("Wright") filed a memorandum in opposition. See Record Document 15. The Government's reply was filed on August 10, 2026. See Record Document 16. The motion is now ripe for ruling.

The Government's Motion to Dismiss alleges the Court lacks subject matter jurisdiction based upon the independent contractor exception to the Federal Tort Claims Act ("FTCA"). See Record Document 13. For the reasons stated below, the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

## BACKGROUND

Wright filed her initial complaint on February 25, 2026. See Record Document 1. Wright's First Amended Complaint was filed on July 6, 2026. See Record Document 12. Wright alleges that on or about July 27, 2021, she was stopped at a red light on W. 70th Street at or near its intersection with Canal Boulevard in Shreveport, Louisiana, when Craig Johnson ("Johnson"), an individual she believes to be an employee of the Government, struck the rear of her vehicle. See id. Wright asserts Johnson was acting within the course and scope of his alleged employment with the Government, and that

Johnson was driving a motor vehicle owned by the Government at the time of the incident. See id.

Wright alleges this Court has jurisdiction over this mater because she has exhausted all available administrative remedies under the FTCA. See id. The Government disagrees. See Record Document 13. In its Motion to Dismiss, the Government contends that "[a]ll alleged acts or omissions of Defendant were allegedly committed by an individual who was not an employee of the United States or any Government agency at the time of the accident at issue." Record Document 13. As a result, the Government argues the Court lacks subject matter jurisdiction based upon the independent contractor exception to the FTCA. See id.

**LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted).

Motions filed pursuant to Rule 12(b)(1) allow a party to challenge the district court's subject matter jurisdiction. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in

the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See Barrera–Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See McDaniel v. United States, 899 F.Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief. See Wagstaff v. United States Dep't of Educ., 509 F.3d 661, 663 (5th Cir. 2007).

"A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity." In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012). Thus, the United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction. See Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council, 364 F.3d 269, 273 (5th Cir. 2004). Waivers of sovereign immunity should be narrowly construed in favor of the United States. In re Supreme Beef Processors, Inc., 468 F.3d 248, 253 (5th Cir. 2006).

The FTCA is recognized as providing a limited waiver of sovereign immunity and provides the sole basis of recovery for tort claims against the United States. See 28 U.S.C. § 1346 and § 2671, et seq.; In re Supreme Beef Processors, 468 F.3d at 252 n. 4. Under the FTCA, Congress has waived sovereign immunity and has granted consent for the government to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "The FTCA,

however, does not extend to acts of independent contractors." Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998). "Therefore, if the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." Id.

Wright's First Amended Complaint states that this litigation arises under the FTCA. See Record Document 12. Rather than providing the Court with any specific statutory basis for jurisdiction, Wright merely states, "[t]he parties hereto, the subject matter hereof, and all matters and things herein contained are within the jurisdiction of this Honorable Court" and that "plaintiff has exhausted her administrative remedies under the [FTCA] and this Court has jurisdiction over this case." Id. Ultimately, Wright claims that when the motor vehicle accident giving rise to this litigation occurred, Johnson was acting within the course and scope of his alleged employment with the Department of Labor ("DOL"). See id. Thus, Wright appears to allege that, under the FTCA, the United States is liable for damages sustained as a result of the motor vehicle accident that occurred on July 27, 2021, that was caused by an alleged employee of a United States governmental agency.

In contrast, the Government asserts that Johnson was not an employee of the United States, or any governmental agency, including the DOL, at the time of the accident at issue. See Record Document 13-1. Instead, the Government argues that Johnson was an employee of Minact, Inc. ("Minact"), a contractor for the DOL. See id. As a result, the Government contends this Court lacks subject matter jurisdiction over a claim where the alleged wrongdoer is not a government employee, as the United States has not waived sovereign immunity for the negligence of independent contractors such as Minact and its employee. Id.

The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual. See id. Although "control of the detailed physical performance may be the most critical factor in identifying an employee, it is not necessarily the only factor." Broussard v. United States, 989 F.2d 171, 175 (5th Cir. 1998). As the Fifth Circuit recognized in Broussard, if control were the only factor, then no professional who exercises professional judgment could be considered a federal employee under the FTCA. See id.

In Rodriguez v. Sarabyn, the Fifth Circuit, in addition to control, cited the following ten factors to differentiate between an employee and independent contractor under the FTCA:

> (1) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (2) whether or not the one employed is engaged in a distinct occupation or business;
> (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (4) the skill required in the particular occupation;
> (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (6) the length of time for which the person is employed;
> (7) the method of payment, whether by the time or by the job;
> (8) whether or not the work is a part of the regular business of the employer;
> (9) whether or not the parties believe they are creating the relation of master and servant; and
> (10) whether the principal is or is not in business.

See Rodriguez v. Sarabyn, 129 F.3d 760, 765 (5th Cir. 1997); see also Linkous, 142 F.3d at 276. "If the government lacks the power to directly control an individual, then the court must look at other factors before deciding the individual's status as employee or

independent contractor." Linkous, 142 F.3d at 276. Further, the Fifth Circuit has held that if the government lacks the power to control an individual, but several factors cited in Rodriguez weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor. See Linkous, 142 F.3d at 276.

First, the Government contends that the federal government lacked the power to control Johnson. See Record Document 13-1. In support of its contention, the Government references the contract, entered in 2017, between the DOL and Minact to operate, manage and maintain the Shreveport Job Corps Center ("SJCC"). See id. The Government alleges the contract was in place on the date of the accident at issue. See id. "According to the [c]ontract, Minact was responsible for providing 'direction, management and administrative support to all functions and activities of the center' and recruited, hired, and retained all staff at the SJCC." Record Document 13-1. As a result, the Government argues that the "DOL did not exercise any detailed day-to-day control over the SJCC or Minact's employees and only oversaw the administration of the [c]ontract." Id. Thus, it is the Government's position that as an employee of Minact, Johnson was subject to the control of Minact—not the federal government—at the time the accident at issue occurred. See id.

The Government further argues that the independent contractor exception applies not only because the federal government lacked the power to control Johnson, but also because "numerous factors" weigh in favor of its application. Record Document 13-1. Without directing the Court to any specific factor(s), the Government reiterates that Johnson was an employee of Minact, a DOL contractor, at the time of the accident; that the contract between Minact and the DOL provided that "Minact was responsible for

providing all materials, services, and personnel to operate the SJCC, and was also responsible for maintaining the Job Corps vehicle fleet"; that the Contract also provided that Minact was responsible for providing "direction, management and administrative support to all function and activities" of the SJCC; and that it was Minact who recruited, hired, and retained all staff, including Johnson. Id. Based upon this information, the Government alleges there was no employer-employee relationship between Johnson and the United States. See id. Because Johnson was an employee of Minact—a contractor of the DOL—at the time of the accident, the Government ultimately contends any cause of action arising out of his actions are precluded from being brought against the United States based upon the independent contractor exception to the FTCA. See id. Thus, Government asks the Court to dismiss Wright's alleged FTCA claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. See id.

In opposition, Wright argues the Government retained "substantial contractual authority and control" over Johnson. Record Document 15. In support of this contention, Wright states that the Government "inspected and accepted contract work", and that the contract was "cost-plus-incentive-fee, with compensation tied to federal performance evaluation." Id. Wright claims "[t]hese provisions demonstrate why the conclusory assertion that DOL exercised no detailed control over J[ohnson] cannot substitute for evidence of actual practice and actual control." Id. Notably, Wright fails to identify any evidence of actual control or practice to support her claim. Instead, Wright acknowledges her lack of evidence and states that "at this stage of the litigation we do not know the answer to many of these questions because zero discovery has taken place in this case to this point, because the USA has not even filed an [a]nswer." Id.

As aforementioned, the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See McDaniel, 899 F.Supp. at 307. Thus, Wright bears the burden of proof that jurisdiction does in fact exist. See Menchaca, 613 F.2d at 511. Rather than identifying evidence to show the Court has subject matter jurisdiction over her claim, Wright argues that it cannot yet be determined who had control over Johnson, Johnson's purpose for operating the vehicle, who instructed or permitted Johnson's use of the vehicle, who gives and revokes driving authority of government motor vehicles, etc. See Record Document 15. Specifically, Wright states that "[f]rom the evidence produced by the USA, the Court cannot determine detailed control without knowing who could instruct J[ohnson], alter his assignment, discipline him for driving, violations, or remove him from vehicle duties." See Record Document 15. Further, Wright argues that "[t]he USA has not shown that the control inquiry can be resolved solely from the contract and payroll declaration." Id.

At this stage, it is not the Government who bears the burden of proof; it is the Wright who constantly bears the burden of proof that subject matter jurisdiction does in fact exist. See Menchaca, 613 F.2d at 511. Thus, at this point it is not the Government's duty to show a lack of control or to demonstrate the factors weighing in favor of the application of the independent contractor exception. Instead, this is the time in which Wright must prove any set of facts that support her claim and entitle her to relief. See Wagstaff, 509 F.3d at 663.

Based upon the record before the Court, the Court finds that Wright has failed to meet her burden of proving the Court has proper subject matter jurisdiction. Notably,

Wright herself admits that "discovery is likely to produce facts need to withstand or resolve the [m]otion [t]o [d]ismiss." Record Document 15.

Wright asks that in the alternative of granting the Government's motion to dismiss, the Court "defer ruling and enter a limited discovery schedule." Record Document 15. The Court declines to do so. The Fifth Circuit has held that "[a] plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 434 (5th Cir. 2014) (quoting Freeman v. United States, 556 F.3d 326, 342 (5th Cir. 2009). Here, the contract clearly indicates that it was Minact—not the Government—who exercised the requisite control over Johnson at the time the accident at issue occurred. See Record Document 13-2. Further, for the reasons set forth in the Government's Reply (Record Document 16), the majority of the applicable factors weigh in favor of finding the independent contractor exception applies. See Record Document 16 at 3-4. Thus, the Court finds it unlikely that additional facts would change the nature of the contract or the status of Minact and Johnson as independent contractors.

**CONCLUSION**

The record before the Court clearly indicates that Johnson was an employee of Minact. Further, the contract between Minact and the DOL plainly delegates all direction, management, and support of the SJCC and Minact employees to Minact.

Based upon the evidence in the record and the arguments set forth by each party, the Court finds that Wright cannot prove any set of facts in support of her claims entitling her to relief. See Wagstaff, 509 F.3d at 663. Because Wright has failed to meet her burden of proving this Court has proper subject matter jurisdiction, the Government's Rule

12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Record Document 13) is hereby **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE